UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONNIE LEE MATTHEWS,

   Petitioner,

vs.          Case No. 2:09-cv-130-FtM-29SPC
           Case No. 2:06-cr-91-FtM-29SPC

UNITED STATES OF AMERICA,

   Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Ronnie Lee Matthews' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #56)[1], a supporting Memorandum (Cv. Doc. #2; Cr. Doc. #57), and an Appendix (Cv. Doc. #3; Cr. Doc. #58), all filed on March 2, 2009. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on April 16, 2009 (Cv. Doc. #8). For the reasons set forth below, the motion is denied.

**I.**

On July 19, 2006, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #3) charging petitioner

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

Ronnie Lee Matthews (petitioner or Matthews) with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. On October 30, 2006, petitioner pled guilty to both counts pursuant to a written Plea Agreement (Cr. Doc. #19-2.) On March 19, 2007, the Court sentenced petitioner to a 188 month term of imprisonment on each count, to be served concurrently, and to be followed by 72 months supervised release. (Cr. Doc. #32). Judgment (Cr. Doc. #35) was issued on March 22, 2007.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #36) on March 28, 2007. The only issue raised on appeal was that the sentence was not reasonable. On January 7, 2008, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss the appeal pursuant to a valid waiver contained in the Plea Agreement (Cr. Doc. #55). Petitioner filed this timely § 2255 motion on March 2, 2009.

Read liberally, petitioner's § 2255 Petition sets forth the following claims: (1) Petitioner's sentence violated the Eighth Amendment to the United States Constitution because he was sentenced as a career offender based on two crimes (battery on a police officer and escape) which did not qualify as crimes of violence and therefore improperly increased his sentencing range under the United States Sentencing Guidelines; (2) Petitioner's sentence violated the Eighth Amendment to the United States Constitution because the government took the position that the

instant federal offenses were committed within 15 years of the date of petitioner's release from imprisonment, in breach of the Plea Agreement; and (3) Petitioner's attorney provided ineffective assistance of counsel by failing to raise and pursue these two issues.

## II.

The United States argues that these issues cannot be raised in this § 2255 proceeding because of the waiver provision of petitioner's Plea Agreement. Although the Court does not doubt the validity of the waiver provision, the Court finds that it does not apply to the issues raised in the § 2255 motion. Unlike the direct appeal, which involved only the reasonableness of the sentence, petitioner raises two claims under the Eighth Amendment and an ineffective assistance of counsel claim premised on the validity of the Eighth Amendment claims. The waiver provision of the Plea Agreement specifically excepts Eighth Amendment claims from the waiver. (Cr. Doc. #19-2, p. 7, ¶ 5.) The Court finds that an ineffective assistance of counsel claim based on these Eighth Amendment claims are also excepted from the waiver. Therefore, the Court rejects the government's waiver argument as to all three claims.

## III.

The standard for Petitioner's two Eighth Amendment claims is well settled:

> A sentence only violates the Eighth Amendment if it is grossly disproportionate to the offense. [ ] The Supreme Court has made it clear that [o]utside the context of capital punishment, successful challenges to the proportionality of sentences [are] exceedingly rare. [ ] In non-capital cases, the Eighth Amendment encompasses, at most, only a narrow proportionality principle. [ ] Generally, when a sentence is within the limits imposed by statute, it is neither excessive nor cruel. [ ]

United States v. Flores, ___ F.3d ___, 2009 WL 1842652, *11 (11th Cir. June 29, 2009)(internal quotations and citations omitted). As the Plea Agreement accurately states, the statutory maximum was thirty (30) years imprisonment for each count, for a total of 60 years imprisonment (Cr. Doc. #19-2, p. 2). Plaintiff had 3 prior drug felony convictions, and the Court imposed a sentence of 188 months, i.e., 15 years, 8 months. This sentence is therefore approximately 38 percent of the statutory maximum, as well as being within the advisory Sentencing Guidelines range. No Eighth Amendment violation has been established, and there was no ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984) in failing to argue an Eighth Amendment issue.

The other issues embedded in the Eighth Amendment claims are not properly before the Court. To the extent that petitioner challenges the use of his convictions of battery on a police officer and escape to determine his career offender status, or the fifteen year time period, the claims are barred by the waiver provision in the Plea Agreement, which has already been determined to be valid by the Eleventh Circuit. Petitioner's reliance on Begay v. United States, 128 S. Ct. 1581 (2008) and United States v.

Archer, 531 F.3d 1347 (11th Cir. 2008) is foreclosed because the Eleventh Circuit has held that Begay/Archer cannot apply retroactively to a § 2255 proceeding. United States v. Coley, No. 08-15962, 2009 WL 2019859 (11th Cir. July 14, 2009). Additionally, nothing in the Plea Agreement prohibited the government from making the arguments it did at the sentencing hearing.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of August, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Ronnie Lee Matthews