UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONNIE LEE MATTHEWS,

          Plaintiff,

vs.                            Case No. 2:09-cv-130-FtM-29SPC

UNITED STATES OF AMERICA,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner's Motion for Relief From August 17, 2009 Judgment [Doc. 60], Pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure, for Good Cause Shown (Doc. #11) filed on October 8, 2009. No response has been filed, and the time to respond has expired. Also before the Court is petitioner's Notice of Appeal, deemed to include an application for certificate of appealability (Doc. #13) pursuant to Fed. R. App. P. 22(b)(1).

On March 2, 2009, petitioner Ronnie Lee Matthews filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1), a supporting Memorandum (Cv. Doc. #2), and an Appendix (Cv. Doc. #3). Petitioner now asserts that the § 2255 petition was filed by an attorney, and that petitioner requested his attorney to amend the § 2255 petition to include a challenge to the validity of the appeal waiver provision of his Plea Agreement. Petitioner alleges

that his attorney neglected to amend the § 2255 petition, thereby depriving him of judicial review of the voluntariness and knowingness of the appeal waiver.  Petitioner seeks relief from the August 17, 2009 Opinion and Order (Doc. #9) denying the § 2255 petition so that he may challenge the validity, voluntariness and knowingness of the appeal waiver.  Petitioner relies upon F<small>ED</small>. R. C<small>IV</small>. P. Rules 60(b)(1), 60(b)(3), and 60(b)(6).  In his memorandum, petitioner suggests that the attorney was not licensed to practice law, and perpetrated a fraud upon him and the court.

The record reflects that all documents in the § 2255 proceeding were filed by petitioner *pro se,* not by an attorney. The record also reflects that the August 17, 2009 Opinion and Order considered the government's claim that the issues were precluded by the appeal waiver provision of petitioner's Plea Agreement.  The Court rejected the government's claim, and proceeded to address the claims in the § 2255 petition on the merits.  (Doc. #9, p. 3.) Therefore, no basis exists to grant the relief requested by petitioner.

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability issues.  The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  Specifically, where a district court has rejected a prisoner's constitutional claims on the

merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336. Upon review, the Court finds that petitioner has failed to show that jurists of reason would find the Court's assessment of the constitutional claim debatable or wrong or that the Court was incorrect in its procedural rulings.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion for Relief From August 17, 2009 Judgment (Doc. #60) Pursuant to Rules 60(b)(1) and 60(b)(3) of the Federal Rules of Civil Procedure, for Good Cause Shown (Doc. #11) is **DENIED**.

2. The application for a certificate of appealability (Doc. #13), deemed included in the Notice of Appeal (Doc. #12), is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of November, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
USCA
Counsel of record
Ronnie Lee Matthews